UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES,

  *Plaintiff*,

v.                                                               CASE NO. SA-25-CV-00081-JKP

CINDY HERNANDEZ, AREA
MANAGER OF WOODSPRING
SUITES; WOODSPRING SUITES,
CHOICE HOTELS INTERNATIONAL,
INC.,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' (the Woodspring Defendants) Motion to Dismiss for Failure to State a Claim. *ECF Nos. 14, 15, 20*. Plaintiff Matthew Andrew Garces Responded. *ECF Nos. 16, 18, 19-24*. Upon consideration, the Motion to Dismiss is construed as a Motion for Summary Judgment, and the Motion is GRANTED. This cause of action is DISMISSED WITH PREJUDICE.

### Undisputed Factual Background

Garces brings this action arising from an incident that occurred when he was a hotel guest at a Woodspring Suites Hotel. Garces was asked to leave the hotel for smoking marijuana in his room. As a result, Garces filed this lawsuit against Cindy Hernandez, Woodspring Suites, and Choice Hotels International, Inc. alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12182(b)(2)(A)(i-ii) and §12203(a-b), for

disability discrimination and retaliation, and the Texas Compassionate Use Act ("TCUA"), Tex. Health & Safety Code Ann. §487.201, for discrimination.

The parties agree that Garces filed a previous lawsuit in the County Court at Law No. 3 in Bexar County, Texas on August 28, 2024, against Defendants Cindy Hernandez, Woodspring Suites, and Choice Hotels International Inc., arising from the identical facts on which this federal lawsuit is based. The parties also agree the County Court action raised causes of action under the ADA and the TCUA, and the Woodspring Defendants moved for summary judgment on all causes of action in that County Court action, which was granted on December 6, 2024, and a take nothing judgment entered in favor of the Woodspring Defendants. Garces did not appeal the final judgment, but instead, filed this lawsuit.

The Woodspring Defendants now move to dismiss this cause of action for failure to state a claim pursuant to Federal Rule 12(b)(6) and attach to the Motion the county court pleadings, Order on Summary Judgment, and final Take Nothing Judgment. In response, Garces admits to the underlying facts and agrees with the Woodspring Defendants he is "tak[ing] another bite of the apple in a different forum."

## Legal Standard

### Motion to Dismiss filed Pursuant to Federal Rule 12(b)(6)

Generally, in analyzing a motion to dismiss filed pursuant to Federal Rule 12(b)(6), the court must not consider material outside the pleadings. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In support of their Motion to Dismiss, the Woodspring Defendants attached the pleadings, Summary Judgment Order, and Judgment. The Court must review these materials, even though Garces admits to the facts, to ensure accuracy and to properly analyze the arguments presented in both the Woodspring Defendants' Motion and Garces's Response. This review inherently must convert the Motion to Dismiss to a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d).

Before ruling on a motion to dismiss that is converted to a motion for summary judgment, all parties must be given a reasonable opportunity to present all the material that is pertinent to the subject motion; however, the Court is not required by Federal Rule 12(d) to provide express notice that it intends to treat a motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Mackey v. Owens*, No. 98-60758, 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (per curium); *Turcheck v. United States*, No. 1:16-CV-0061-BL, 2017 WL 5004831, at *5 (N.D. Tex. Oct. 12, 2017) report and recommendation *adopted by*, No. 1:16-CV-061-C, 2017 WL 5028197 (N.D. Tex. Oct. 30, 2017). Conversion of a motion to dismiss to a motion for summary judgment is proper "when the nonmovant is aware that additional materials have been attached to the motion to dismiss, they have had time to respond to the motion, and they are aware that the court may rule on the motion using additional materials." *Bonnet v. Ward Cty.*, No. P-12-CV-085, 2012 WL 12877956, at *2 (W.D. Tex. Nov. 30, 2012) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195–96 (5th Cir. 1988); *Clark v. Tarrant Cty.*, 798 F.2d 736, 746 (5th Cir. 2004)). "[T]he simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment." *Mackey*, 1999 WL 423077, at *2.

This Court need not provide Garces notice of conversion of the Motion to Dismiss. Garces admits the facts supporting the Motion; Garces admits to the veracity of the County Court pleadings and attachments; Garces had reasonable opportunity to present all the material that is pertinent to the subject Motion. The Court finds the Woodspring Defendants' act of placing these County Court filings before this Court provided adequate notice to Garces that the Motion to Dismiss may be converted into a Motion for Summary Judgment. See *Mackey*, 1999 WL 423077, at *2.

**Motion for Summary Judgment**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex*

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

*Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56©. Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary

judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## Discussion

The Woodspring Defendants contend claim preclusion and issue preclusion both bar this litigation. "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022)(quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021). "Preclusion law varies from jurisdiction to jurisdiction—in some, res judicata applies only to the claims actually brought in the previous suit, whereas in others, res judicata might apply more broadly to other claims." *Dotson*, 24 F.4th at 1002. Determination of which law applies depends upon the location of the court that entered the prior judgment. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006). "To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged." *Id.*; *Dotson*, 24 F.4th at 1002.

Because a Texas County Court entered the prior judgment at issue, Texas "preclusion law" applies. *See Black*, 461 F.3d at 588; *Dotson*, 24 F.4th at 1002.

**Claim Preclusion**

The Woodspring Defendants contend claim preclusion bars this litigation because Garces asserted the same causes of action against the same Defendants in the County Court, and the matter was fully and fairly litigated to a final summary judgment. Garces does not dispute these assertions, and affirms these facts specifically, stating,

> Plaintiff Garces filed a previous lawsuit in the County Court at Law No. 3 in Bexar County, Texas on August 28, 2024. Plaintiff later filed an Amended Petition on November 14, 2024. The state law case was brought by Plaintiff Garces against Defendants Cindy Hernandez, Woodspring Suites, and Choice Hotels International Inc., asserts the identical set of facts set forth in Plaintiff's current federal lawsuit, and raises causes of action under the ADA and the TCUA. Defendants moved for summary judgment. On December 6, 2024, summary judgment on all of Plaintiff's claims against Defendants were granted and a take nothing judgment was entered in favor of Defendants. However, Plaintiff was unable to physically appear in person in the court to plead his case due to Plaintiff becoming a victim of a hit and run on October 9, 2024. Plaintiff filed a motion for a continuance due to his disabilities as well as his new injuries from the motor vehicle accident mentioned, but the County Court Judge continued with the case without the Plaintiff being able to confront his abusers. This is the reason Plaintiff opted to file his complaint in federal court. Plaintiff can and will now attempt to take bite of the apple referenced by opposing counsel in a different forum simply because he did not have an opportunity to argue all of the facts of my complaint

*ECF No. 16, pp. 4-5*.

Claim preclusion bars relitigation of a claim, or cause of action, when there was a prior final judgment on the merits; the prior judgment was between identical parties or those in privity with them; and the second action is based on the same claims that were raised or could have been raised in the first action. *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex. 1984); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996; *Matter of Marriage of Benavides*, 692 S.W.3d 526, 538 (Tex. App.—San Antonio 2023, pet. granted). Determination

"whether a claim or cause of action not asserted in a prior action is considered to be one that should have been raised there, Texas follows the 'transactional approach,' which, generally stated, looks to whether the subsequent claim or cause of action arises out of the same subject matter as the previous action and which, through the exercise of 'diligence,' could have been litigated in the previous suit." *Matter of Marriage of Benavides*, 692 S.W.3d at 538–39 (citing *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.,* 837 S.W.2d 627, 631 (Tex. 1992)). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Barr*, 837 S.W.2d at 630. "The main concern is whether the cases share the same nucleus of operative facts." *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Assoc.*, 77 S.W.3d 487, 496 (Tex. App.—Texarkana 2002, pet. denied) (citing *Kenneco Energy, Inc. v. Johnson & Higgins of Tex., Inc.,* 921 S.W.2d 254, 260 (Tex.App.-Houston [1st Dist.] 1995), *modified on other grounds & remanded,* 962 S.W.2d 507 (Tex.1998)). "These inquiries are further guided by the concept that a final judgment in an action should bar subsequent suits based on the same "transaction," or series of connected "transactions," out of which the first action arose." *Matter of Marriage of Benavides*, 692 S.W.3d at 538–39 (citing *Barr*, 837 S.W.2d at 631).

To support this argument, the Woodspring Defendants do not include the full record from the County Court proceeding in the exhibits attached to the construed Motion for Summary Judgment, which creates ambiguity as to who the Defendants were and what specific causes of action were adjudicated. The attachments include a Motion to Amend the Petition which seeks to add Defendants Woodspring Suites and Choice Hotels International Inc., but does not include the referenced Amended Petition. *ECF No. 16, Exh A*. This Motion to Amend Petition asserts causes of action for violation of the ADA and the TCUA, but does not assert a cause of action for

retaliation in violation of the ADA. See id. The record includes a Motion for Summary Judgment filed by Cindy Hernandez, only, on causes of action for violations of the Texas Property Code Sections 92.331 and 92.333. *ECF No. 16, Exh B*. This Motion for Summary Judgment is confusing, as it repeatedly states it is a "plaintiff's motion for summary judgment; however, it is filed by Cindy Hernandez and seeks summary judgment in her favor. *ECF No. 16, Exh. B*. In addition, the County Court Order is titled, "Order on Plaintiff's Motion for Summary Judgment," but awards "summary judgment in favor of Defendant and Plaintiff shall take nothing." *ECF No. 16, Exh. C*.

Although ambiguous as to who the parties were in the underlying action and what causes of action were raised and finally adjudicated, one conclusive element is clear: it is undisputed that the County-Court action was based upon the same set of operative facts as this federal action. Garces admits this element; the Motion to Amend the Petition and the Motion for Summary Judgment establish this to be true; and the scarce exhibits conclusively show the County Court action arose from the same incident and subject matter as this suit. Therefore, it is clear the cases share the same nucleus of operative facts. *See Matter of Marriage of Benavides*, 692 S.W.3d at 538–39; *Pinebrook Props., Ltd.*, 77 S.W.3d at 496.

Accordingly, the record does show the County Court action was against identical parties, Garces and Cindy Hernandez, and that Woodspring Suites and Choice Hotels International Inc. (although improperly named) are parties in privity to her; the County Court reached a final judgment on the merits; and this action is based upon the same claims or causes of action that were raised or could have been raised in the first action. Based upon the record presented and the conclusive element that the cases share the same nucleas of operative facts, Garces, through the

exercise of diligence, did or could have litigated in the County Court suit the causes of action raised in this litigation. *See Matter of Marriage of Benavides*, 692 S.W.3d at 538–39.

Although unconventional, this Court must conclude the Woodspring Defendants satisfied their burden to show they are entitled to summary judgment based upon claim preclusion as a matter of law. Based upon his admissions confirmed by the scant record, Garces did not raise a genuine dispute of material fact sufficient to defeat the Woodspring Defendant's showing they are entitled to summary judgment on this ground. Although Garces states he was not given ample opportunity to pursue his causes of action or to adjudicate these causes of action due to his car accident, this assertion should have been raised through the allowable procedural vehicles in state court. Garces may not, as he states, "take another bite at the apple in this forum."

## Conclusion

For the reasons stated, the Court GRANTS the Woodspring Defendants' Motion to Dismiss construed as a Motion for Summary Judgment. This action is DISMISSED WITH PREJUDICE. Final Judgment will issue separately.

It is so ORDERED.
SIGNED this 25th day of April, 2025.

*[signature: Jason Pulliam]*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE